In the Matter of the Claim of ANTHONY CAGGIANO, Respondent, against LORENZO CELLA et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. Claimant began the employment involved on this appeal as a gardener-chauffeur in 1940. On May 12, 1948, he consulted a doctor concerning his physical condition. The doctor found he had heart disease, mild hypertension and mild changes in the blood sugar, and felt that his "ordinary physical activities should be moderately restricted." The doctor testified that this was, in his opinion, a permanent partial disability. He did not testify as to what he told claimant; and claimant did not himself testify to what this doctor told him. The employer, however, testified that after this visit to the doctor the claimant told him that he did not "feel so good"; and that the doctor told him to "take it easy" and that he needed a vacation. The employer told him not to do heavy work and obtained an additional man to help him. He said claimant did not tell him anything about heart trouble, but that he had "some kind" of trouble and was to get an X ray. A few weeks later, May 27, 1948, claimant was injured in an accident in the course of employment. Permanent total disability has resulted, and there is proof that his pre-existing heart condition has been a factor in the disability. Appellant carrier asked the board to direct reimbursement from the Special Disability Fund in pursuance of subdivision 8 of section 15 of the Workmen's Compensation Law. The board refused the direction for reimbursement. We think its decision was right. The statute was designed to encourage the employment of physically handicapped persons. It defines a "permanent physical impairment" to be a permanent condition due to accident or disease

which "is or is likely to be a hindrance or obstacle to employment." (§ 15, subd. 8, par. [b].) It is when such a condition adds materially to the result of a second accident that reimbursement follows. Reading the definition and the direction for reimbursement together we have held that this would require some knowledge on the part of the employer of the nature of the pre-existing condition for it to become a "hindrance or obstacle" to employment. (*Matter of Zyla* v. *Julliard & Co.*, 277 App. Div. 604.) We think there is no substantial proof that the employer here knew that claimant's condition was permanent or that it would affect his continuance in employment. Decision of the board refusing to direct reimbursement from the Special Fund unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Cohn, Halpern and Imrie, JJ. [See 282 App. Div. 780.]